## Ex parte HEWITT.

[APPLICATION FOR MANDAMUS TO CHANCERY COURT.]

1. *"Stay law" not applicable to suit in chancery.*—Suits in chancery are not within the provisions of the first section of the act approved February 20, 1866, entitled "An act to regulate judicial proceedings."

APPLICATION for a *mandamus* to the Hon. N. W. COCKE, chancellor of the southern chancery division, presiding in the chancery court at Mobile, requiring him to proceed and hear a certain cause pending in said court, wherein the petitioner, David M. Hewitt, is plaintiff, and his wife, Mrs. Eliza Jane Hewitt, is defendant. The bill was filed on the 3d May, 1866, and sought a divorce *a vinculo matrimonii.* A decree *pro confesso*, on personal service, was regularly entered on the 26th June, 1866; and an order for the publication of the testimony was passed on the next day. "The complainant thereupon applied to the court to hear the cause, and for a decree in the cause; but the court refused to receive the cause, or to hear the same, or to make any decree therein, or to entertain jurisdiction thereof, for any other purpose than to continue the cause, because the present is the first term of the court since the bill was filed."

P. HAMILTON, for appellant.

A. J. WALKER, C. J.—The argument of the counsel for the petitioner most satisfactorily shows that a suit in chancery is not embraced in the first section of the "act to regulate judicial proceedings," approved February 20th, 1866. The regulations of that section, as to appearance, pleading, and trial terms, are not susceptible of application in the chancery court. In that forum, there must be plea, answer, or demurrer, within thirty days, or a decree *pro confesso* may be taken; and the time of hearing causes in chancery can not be governed by the terms of court, but must depend upon the question whether the cause is at issue.

Let the *mandamus* issue as prayed.